### COMMONWEALTH *vs.* PATRICK J. NAGLE.

Suffolk.    February 1. — 13, 1875.    COLT & MORTON, JJ., absent.

On the trial of an indictment under the Gen. Sts. *c.* 84, § 1, for keeping open a shop on the Lord's day, there was evidence that the defendant kept a liquor shop open for traffic on that day. The judge instructed the jury that the clause in the statute, "except works of necessity and charity," qualified only the words, "and does any manner of labor, business, or work," and did not apply to the clause under which the defendant was indicted ; that the ordinary business of a shop was unlawful on the Lord's day ; and that it was sufficient for the government to prove that the defendant kept open his shop on that day for the ordinary traffic with the public indiscriminately as upon other days. The jury returned a verdict of guilty. *Held,* that the jury must have found that the defendant kept a liquor shop and bar room open for ordinary traffic with the public indiscriminately on the Lord's day; that this was a violation of the statute, and that the defendant had no ground of exception.

INDICTMENT on the Gen. Sts. *c.* 84, § 1, for keeping open a shop on the Lord's day.

At the trial in the Superior Court, before *Lord*, J., the evidence tended to prove that the defendant kept his shop open for traffic on November 15, 1874, being the Lord's day ; and that it was a liquor shop and bar room. At the conclusion of the evidence on the part of the government, the defendant's counsel inquired of the judge whether he should rule that the jury might find, from the nature of the business, that the keeping open the shop was not a work of necessity or charity, or whether the government must introduce evidence on the subject other than the nature of the business. The judge replied that he should rule that the phrase in the statute " except works of necessity and charity " had no relation to the clause of the statute under which the defendant was indicted ; that the purpose of the statute was to forbid the ordinary pursuits and traffic of business upon the

Lord's day; to compel shops of traffic, warehouses and store-houses to be closed on that day; that the phrase " except works of necessity and charity " qualified only the' clause " or does any manner of labor, business or work," and had no reference what-ever to either of the other branches of the statute, to wit : the keeping open shop, warehouse or storehouse for the ordinary and accustomed business of life ; or presence at dancing, diversion, show or entertainment, or taking part in any sport, game or play; that although it was necessary to allege and prove that the shop was unlawfully kept open, or open for unlawful busi-ness, yet that the ordinary business of the shop was unlawful on that day because forbidden ; and that it was sufficient for the government to prove that the defendant kept open his shop on that day for the ordinary traffic with the public indiscriminately as upon other days. In his charge to the jury the judge gave substantially these instructions ; and the defendant alleged ex-ceptions.

*T. Riley*, for the defendant.

*C. R. Train*, Attorney General, *&* *W. G. Colburn*, Assistant Attorney General, for the Commonwealth.

BY THE COURT. The jury, under the instructions given them at the trial, must have found that the defendant kept a liquor shop and bar room open for ordinary traffic with the public in-discriminately on the Lord's day. This was clearly a violation of the Gen. Sts. *c.* 84, § 1, upon which the indictment is based.

*Exceptions overruled.*