COMMONWEALTH *vs.* GEHRING HAS.

Suffolk. November 27, 29, 1876. — January 4, 1877.

Under the Gen. Sts. c. 84, §§ 1, 9, a person is punishable for keeping his shop open on the Lord's day, although he conscientiously believes that the seventh day of the week ought to be observed as the Sabbath, and actually refrains from secular business on that day.

The provision of the Gen. Sts. c. 84, § 1, prohibiting the keeping open a shop on the Lord's day, is constitutional.

COMPLAINT on the Gen. Sts. *c.* 84, § 1, charging the defendant with unlawfully keeping open his shop on the Lord's day.

At the trial in the Superior Court, before *Gardner*, J., the defendant admitted keeping the shop open to do lawful secular business and traffic with the public therein, and testified that, when he did so, he conscientiously believed that the seventh day of the week ought to be observed as the Sabbath, and that he so observed it, and disturbed no person. But the judge ruled that the Gen. Sts. *c.* 84, § 1, contained two classes of offences so far as the ninth section was concerned : 1. Keeping open a shop, warehouse or workshop ; 2. Doing labor, business or work, &c. ; that § 9 of the same chapter relieved only the second offence from punishment, and made the first offence absolute ; and instructed the jury that they must find the defendant guilty if they believed that he kept an open shop on the Lord's day for the purpose of doing business with the public therein, whatever his conscientious scruples about the seventh day might be. The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*G. Sennott*, for the defendant.

*W. C. Loring*, Assistant Attorney General, (*C. R. Train*, Attorney General, with him,) for the Commonwealth.

DEVENS, J. The Gen. Sts, *c.* 84, §§ 1, 2, provide for the punishment of five distinct offences as violations of the Lord's day These are : 1. Keeping open a shop, warehouse or workhouse 2. Doing any manner of labor, business or work, except works of necessity or charity. 3. Being present at any dancing or public diversion. 4. Taking part in any sport or play. 5. Travelling on the Lord's day, except from necessity or charity. The

ninth section of the same chapter provides that, "whoever con-
scientiously believes that the seventh day of the week ought to
be observed as the Sabbath, and actually refrains from secular
business, travel and labor on that day, shall not be liable to the
penalties of this chapter for performing secular business, travel
or labor on the Lord's day, or first day of the week : provided.
that he disturbs no other person."

The ruling of the presiding judge was, in effect, that the pro-
visions of the 9th section could not be extended so as to permit
the act of keeping open a shop upon the Lord's day. This
interpretation was correct. That the 9th section is not intended
to permit, to the persons therein described, all the acts ex-
pressly forbidden in the previous sections, such as being present
at dances or public diversions or taking part in sports or plays,
is quite clear. The defendant contends that, as he is a shop-
keeper and as the doing of secular business is permitted to him,
he may properly keep open his shop on the Lord's day. This
act is, however, expressly forbidden by the first clause, and the
secular business which is permitted is of the character described
in the second clause of the first section. It is so apparent that
the subsequent section does not apply to all the acts enumerated
in the previous sections, that it cannot fairly be inferred that it
applies to any except those which it distinctly specifies. Its
words are fully satisfied without reference to the clause relating
to the keeping open a shop, warehouse or workshop.

Keeping open a shop is in itself a solicitation to do business,
and thus an invitation to commit acts which the Legislature has
treated as violations of the day. While those, who, for consci-
entious reasons, observe the seventh day of the week as the
Sabbath, may do business or perform labor which does not inter-
fere with others, they are not entitled by keeping open their
shops to invite the violation of the provisions of the act, even if
their ordinary business is shopkeeping.

It is, however, contended that, if the true construction of the
statute is that it forbids to one, who conscientiously observes the
seventh day of the week as the Sabbath, the privilege of keep-
ing open his shop on the first day of the week, it is unconsti-.
tutional and in derogation of the Eleventh Amendment to the
Constitution of the Commonwealth, which provides that "no

subordination of any one sect or denomination to another shall ever be established by law."

This act has been so frequently recognized in both civil and criminal cases, and its various provisions have been so often the subject of judicial decision, that its constitutionality can hardly be considered an open question. It is essentially a civil regulation, providing for a fixed period of rest in the business, the ordinary avocations and the amusements of the community. If there is to be such a cessation from labor and amusement, some one day must be selected for the purpose; and even if the day thus selected is chosen because a great majority of the people celebrate it as a day of peculiar sanctity, the legislative authority to provide for its observance is derived from its general authority to regulate the business of the community and to provide for its moral and physical welfare. The act imposes upon no one any religious ceremony or attendance upon any form of worship, and any one, who deems another day more suitable for rest or worship, may devote that day to the religious observance which he deems appropriate. That one who conscientiously observes the seventh day of the week may also be compelled to abstain from business of the kind expressly forbidden on the first day, is not occasioned by any subordination of his religion, but because as a member of the community he must submit to the rules which are made by lawful authority to regulate and govern the business of that community.

While in the Constitutions of many of the States of the Union there are, in different forms, provisions that no preference shall be given to one religion or form of religious belief, acts for the observance of the first day of the week as a day of rest from labor have been repeatedly passed. In all of them, so far as we have been able to examine, the constitutionality of such acts has been sustained for reasons such as have been briefly stated above. *Specht* v. *Commonwealth*, 8 Penn. St. 312. *Frolickstein* v. *Mobile*, 40 Ala. 725. *Ex parte Andrews*, 18 Cal. 678, and cases cited.                    *Exceptions overruled.*