### COMMONWEALTH *vs.* FRANK DEXTRA.

Worcester. Oct. 4. — Nov. 12, 1886. DEVENS & W. ALLEN, JJ., absent.

The Pub. Sts. *c.* 98, § 2, prohibit the keeping open of a shop on the Lord's day for the purpose of doing business therein, whether the business be one of necessity or charity, or not.

If a complaint, on the Pub. Sts. *c.* 98, § 2, alleges the keeping open of a shop on the Lord's day, for the purpose of doing business therein, and further alleges the kind of business, and that it is not a work of necessity or charity, the last allegations may be rejected as surplusage.

COMPLAINT to the Central District Court of Worcester, on the Pub. Sts. *c.* 98, § 2, alleging that the defendant, at Worcester, on July 25, 1886, the same being the Lord's day, " did unlawfully keep open his shop there situate, for the purpose of doing business therein, to wit, cutting hair and shaving beards, . . . . the same not being works of necessity or charity."

At the trial in the Superior Court, before *Blodgett*, J., the government offered evidence tending to show, and the defendant admitted, that, on the day named in the complaint, he kept open his shop, as alleged therein, and shaved the beards and cut the hair of two different persons.

The defendant contended that it was a question for the jury to say, on the evidence, whether the purpose for which the shop was kept open was a work of necessity or charity, or not.

The judge ruled that, there being no dispute about the facts, the question whether the acts done by the defendant were works of necessity or charity was a question of law; and instructed the jury, that, if the defendant kept open his shop for the purpose mentioned in the complaint, namely, to cut hair and shave beards for all such persons as might make application therefor, the defendant should be convicted.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. E. Sullivan,* for the defendant.

*E. J. Sherman,* Attorney General, for the Commonwealth.

GARDNER, J. The laws of the Massachusetts Colony prohibited both the transaction of any business and the indulgence in diversions on the Lord's day. See the revision of the Massachusetts Colony Laws in 1672, pp. 132, 134.

By the Prov. St. of 1692–3 (5 W. & M.) *c.* 22, § 6, 1 Prov. Laws (State ed.) 59, the justices of the peace, constables, and tythingmen were to take effectual care and endeavor to restrain all persons from " keeping open their shops, or following their secular occasions or recreations in the evening preceding the Lord's day, or on any part of the said day or evening." The act made no reference to works of necessity or charity, as limiting the prohibition of the statute.

In the Prov. St. of 1760–1 (1 Geo. III.) *c.* 20, 4 Prov. Laws (State ed.) 415, the several acts then in force relating to the observance of the Lord's day were repealed, and more effectual provision was made for the due observance of the day. Section 2 enacted, " That no person whatsoever shall keep open their shops, warehouses, or workhouses, nor shall, upon the land or water, do, or exercise, any labor, business, or work, of their ordinary calling, nor any sport, game, play, or recreation, on the Lord's day, or any part thereof (works of necessity and charity only excepted), upon pain," &c. Section 9 of the same chapter provided, " That no person shall keep open any shop, warehouse, or workhouse, or hawk, or sell, any provisions, or wares, in the streets or lanes of any town or district, or be present at any

concert of music, dancing, or other public diversion, on the even-
ing next preceding the Lord's day, on pain," &c.  In this sec-
tion, there is no exception; the prohibition is made absolute as
to keeping open shops, warehouses, and workhouses on Satur-
day evenings.  It was not contended that the evening preceding
the Lord's day was more sacred than the time called in some of
these statutes the "Christian Sabbath."  The preamble to § 9
recites the reason of its enactment, as follows: "And whereas
many persons are of the opinion that the Sabbath, or time of
religious rest, begins on Saturday evening; therefore, to prevent
all unnecessary disturbance of persons of such opinion, as well
as to encourage in all others a due and seasonable preparation
for the religious duties of the Lord's day," be it enacted, &c.

Looking at the two sections together, it would seem that the
exception of works of necessity and charity did not refer to
keeping shops open on the Lord's day, but that it was limited,
in accordance with its own language, to work and labor.  If the
qualification in § 2 extended to keeping open shops on the Lord's
day, we should expect to find the same qualification in § 9 as to
keeping open shops on Saturday evenings.  Not finding it in
§ 9, the inference is strong, that the phrase "works of necessity
and charity" was not intended to qualify, or refer to, keeping
open shops in § 2.

The provisions of § 2 remained unchanged until after the adop-
tion of the Constitution of the Commonwealth.  In the St. of 1791,
c. 58, § 1, it was enacted "that no person or persons whatsoever
shall keep open, his, her, or their shop, warehouse, or workhouse,
nor shall, upon land or water, do any manner of labor, business,
or work (works of necessity and charity only excepted)."

In the Rev. Sts. c. 50, § 1, the Gen. Sts. c. 84, § 1, and the
Pub. Sts. c. 98, § 2, the prohibition was enacted in substantially
the same language and manner.

In the several statutes in force under the Colony, Province,
and the Constitution, there is nothing to indicate that there was
any law which provided that shops, warehouses, or workhouses
were to be kept open on the Lord's day for the transaction
of ordinary business.  There is no statute during these periods
from which we can infer that the exception as to works of
necessity and charity extended to the keeping open of shops,

warehouses, and workhouses for the purpose of transacting business on the Lord's day.

The statute under which this complaint is made is as follows : " Whoever on the Lord's day keeps open his shop, warehouse, or workhouse, or does any manner of labor, business, or work, except works of necessity and charity," shall be punished, &c. Pub. Sts.. *c.* 98, § 2. This portion of the section provides for the punishment of two distinct and separate offences, viz. : 1, keeping open a shop, warehouse, or workhouse on the Lord's day; 2, doing any manner of labor, business, or work on that day, except works of necessity or charity. *Commonwealth* v. *Has*, 122 Mass. 40.

Section 2, in that part of it which is quoted, is in substance the same as previously enacted under the Province, and since the adoption of the Constitution. The exception in each statute, save that of the Prov. St. of 1760-1, follows the words doing " any manner of labor, business, or work," and qualifies them. The phrase " except works of necessity-and charity " has no reference to the first offence of keeping open a shop, warehouse, or workhouse, and qualifies only the second offence of doing " any manner of labor, business, or work." *Commonwealth* v. *Nagle*, 117 Mass. 142. The object of the present statute, and of each of the preceding statutes, was to prohibit the opening of shops and warehouses on the Lord's day, for the purpose of the transaction of the ordinary business carried on during the week. *Commonwealth* v. *Collins*, 2 Cush. 556.

Keeping open a shop or workhouse on the Lord's day for the purpose of doing business with the public indiscriminately, is an offence in itself. The Legislature intended by this statute to keep the ordinary places of traffic, business, and work closed on this day, so that those persons who desired to relax from labor and business, and attend to private and public worship, might not be disturbed by persons pursuing their worldly business and avocations in open shop. This statute is substantially the same as that enacted in 1791, *c.* 58. The preamble to the latter statute sets forth at length the reasons of its passage, and is applicable to the statute now in force, as well as to the several laws enacted upon this subject since that time.

The complaint alleges that the defendant kept open his shop on the Lord's day, " for the purpose of doing business therein,

namely, cutting hair and shaving beards, the same not being works of necessity or charity." The offence is fully set out by omitting the words, " the same not being works of necessity or charity." They can therefore be stricken out as surplusage, and the complaint will be complete.

We are not called upon to pass on the question whether it is a work of necessity to cut hair and shave beards on the Lord's day. This question does not arise in the present case. We construe the statute to mean, that the law prohibits the keeping open a shop, warehouse, or workhouse for the purpose of doing business therein on the Lord's day; and that it is immaterial what that business may be. *Exceptions overruled.*