COMMONWEALTH *vs.* DAVID STARR.

Suffolk. March 21. — May 5, 1887. FIELD, C. ALLEN, & GARDNER, JJ., absent.

It is no defence to a complaint on the Pub. Sts. *c.* 98, § 2, for keeping open a shop on the Lord's day, that the defendant is a Hebrew, who conscientiously believes that the seventh day of the week ought to be observed as the Sabbath, and actually refrains from secular business on that day.

The Pub. Sts. *c.* 98, § 2, prohibit the keeping open of a shop on the Lord's day for the purpose of doing business therein, whether the business be one of necessity or charity, or not.

COMPLAINT on the Pub. Sts. *c.* 98, § 2, alleging that the defendant, at Boston, on November 21, 1886, that day being the

Lord's day, " did keep open his shop there situate, and numbered fifty-one in Salem Street, for the purpose of doing business therein, the same not being then and there works of necessity or charity." Trial in the Superior Court, before *Mason*, J., who allowed a bill of exceptions, in substance as follows:

There was evidence for the government tending to show that the defendant was the proprietor of a meat-shop, at No. 51 Salem Street, in Boston; that he resided in the rear part of said place; that on Sunday, November 21, 1886, at about eight o'clock in the morning, the defendant's shop was open, and the defendant cut and furnished certain meat to women and children, who went into and came out of the shop; that he was seen to take something, supposed to be money, from the persons to whom meat was delivered. It further appeared from the government witnesses, that the defendant was a Hebrew; that the persons who got meat there on this Sunday morning were Hebrews; and that the shop was not open after ten o'clock in the forenoon of that day.

The defendant offered evidence that he was a Hebrew, a preacher in the Hebrew synagogue, and especially designated and appointed by the High Rabbi to slaughter and prepare meat for food after the law and manner of the religion of the Hebrew people; that he conscientiously believed that the seventh day of the week ought to be observed as the Sabbath, and that he actually refrained from secular business on that day; that he did not, on account of his religious belief, supply meat on Saturday; that the people of his synagogue could not obtain the same on that day; that he did not on this Sunday keep open his place to do business with the public; that the shop door was closed, but not locked; that this building in which he lived was open on the morning in question for the sole purpose of supplying necessary meat prepared and furnished by him in compliance with the law and manner of the religion of the Hebrew people, and was supplied to Hebrews, members of his congregation, and to no others. The judge excluded this evidence, and ruled that it was immaterial for what purpose the shop was open; that it was no defence under this complaint to show that the defendant's place was necessarily open; and that the question of necessity or charity was not open to the defendant.

The defendant asked the judge to rule as follows: "1. Keeping a shop open on Sunday morning for the sole purpose of supplying necessary meat to Hebrews, who, on account of their religious belief, are obliged to obtain the same on Sunday morning prepared in a special manner, is not a violation of the Sunday law.   2. If the jury find that the defendant, a preacher in the Hebrew synagogue, and specially designated to slaughter and prepare meat for food after the law and manner of the religion of the Hebrew people, had the place where he lives open on Sunday morning to supply necessary food to members of his congregation, and to no others, the jury must bring in a verdict of not guilty.   3. If the defendant did not keep open his place to do business with the public, but to supply meat, in accordance and in compliance with the religion of the Hebrews, to his own people only, he is not guilty of violating the Sunday law."   The judge declined so to rule.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*F. S. Hesseltine*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

MORTON, C. J.   The evidence shows that the defendant, who is a Hebrew, kept open his shop on the Lord's day, for the purpose of selling meat to Hebrews.   The court correctly held that the facts that he was a Hebrew, who conscientiously believed that the seventh day of the week ought to be observed as the Sabbath, and that he actually refrained from secular business on that day, were immaterial.   This point was fully considered and decided in *Commonwealth* v. *Has*, 122 Mass. 40.

The court also correctly held that it was not competent for the defendant to prove that he kept open his shop for the sole purpose of selling meat to Hebrews, and that this was a work of necessity or charity.   The statute prohibits keeping open a shop for any purposes of business, and the exception of "works of necessity and charity" does not apply.   This was decided in *Commonwealth* v. *Dextra*, 143 Mass. 28, which is conclusive of the case at bar.                                   *Exceptions overruled.*