## COMMONWEALTH *vs.* JOSEPH OSGOOD.

Suffolk.    March 21. — May 5. 1887.    FIELD, C. ALLEN, & GARDNER, JJ.,
absent.

The Pub. Sts. *c.* 98, § 2, prohibit the keeping open of a shop on the Lord's day for
the purpose of doing business therein, although the business is that of selling
Sunday newspapers.

COMPLAINT on the Pub. Sts. *c.* 98, § 2, alleging that the
defendant kept open his shop, in that part of Boston called
South Boston, on November 21, 1886, the same being the Lord's
day, " for the purpose of doing business therein."

At the trial in the Superior Court, before *Mason*, J., it ap-
peared in evidence that the defendant was the owner of said
shop ; and that the shop was kept open by him on said day for
the purpose of selling Sunday newspapers only.

The defendant asked the judge to rule as follows: " 1. To
warrant a finding that the defendant was guilty of the charge
set forth in the complaint, the jury must find that the defend-
ant kept open his shop unnecessarily for the purpose of doing
business therein.    2. If the jury find that the defendant kept
his shop open simply for the purpose of selling Sunday news-
papers, and that selling Sunday newspapers on the Lord's day
was a work of necessity, then they should return a verdict of
not guilty."

The judge refused to give the rulings requested, and instructed
the jury that, if they found that the defendant kept open his
shop on the Lord's day for the purpose of doing business therein,
they should find the defendant guilty ; and that it was imma-
terial whether the business to be done was a necessity or not.

The jury returned a verdict of guilty ; and the defendant
alleged exceptions.

*W. I. Badger*, for the defendant, cited *Commonwealth* v. *Col-
lins*, 2 Cush. 556.

*E. J. Sherman*, Attorney General, for the Commonwealth.

BY THE COURT.    This case is governed by *Commonwealth* v.
*Dextra*, 143 Mass. 28.                          *Exceptions overruled.*