COMMONWEALTH *vs.* JOSEPH KIRSHEN.

Suffolk.     January 14, 1907. — February 26, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Lord's Day.     Words,* " Open."

It is no defence to a complaint under R. L. c. 98, § 2, for keeping open a workhouse on the Lord's Day, that the defendant conscientiously believes that the seventh day of the week ought to be observed as the Sabbath, and actually refrains from secular business and labor on that day.

One is guilty of keeping open his workhouse on the Lord's Day within the meaning of R. L. c. 98, § 2, if on that day his workhouse is opened to admit workmen who enter and work during the day and is opened again at the close of their work to allow them to leave, although the public are excluded and between the times of opening the doors are kept locked.

MORTON, J. This is a complaint for keeping open a workhouse on the Lord's Day for the purpose of doing business therein. The case was submitted to the jury on agreed facts and a verdict of guilty was returned by direction of the judge. The defendant excepted to the ruling thus made, and to the refusal of the judge to rule as requested that he could not be convicted on the agreed facts. The case comes here on report. If, on the agreed facts, the defendant is guilty the verdict is to

stand, otherwise the verdict is to be set aside and judgment entered for the defendant.

The fact that the defendant "conscientiously believes that the seventh day of the week ought to be observed as the Sabbath, and actually refrains from secular business and labor on that day," is not a defence in a case like this. *Commonwealth* v. *Starr*, 144 Mass. 359. *Commonwealth* v. *Has*, 122 Mass. 40. It is plain on the agreed facts that he was doing business in a workshop as charged in the complaint. The defendant contends however, that he did not keep the workhouse open within the meaning of the statute. He opened the workshop to allow those who desired to do so to go in and work, and nine men and one woman out of the nine men and twelve women regularly employed went in and worked during the day, and at the close of their work he opened the workshop again to allow them to leave. In the interval all of the doors, including the one by which these persons entered and left, were kept locked, and no other person was allowed to enter the room. A shop, warehouse or workhouse may be kept open so as to come within the prohibition of the statute without being kept "wide open," or kept open in the same manner and for the same purposes in which and for which it is kept open for business on week days. In the present case, though the workshop was closed to the public, it was kept open so far as to allow such of the defendant's employees as chose to enter and work therein. As to them the workshop was kept open for business though locked against all others. The defendant would not be liable for performing secular business and labor on the Lord's Day if he disturbed no other person thereby, and conscientiously believed that the seventh day ought to be observed as the Sabbath, and actually refrained from secular labor and business on that day. R. L. c. 98, § 4. But the complaint in this case is not for doing that, but for keeping open his workshop for business, and the provisions of § 4 do not apply. *Commonwealth* v. *Has*, 122 Mass. 40.

*Verdict to stand.*

The case was submitted on briefs.

*W. H. H. Emmons,* for the defendant.

*J. S. Richardson,* Assistant District Attorney, for the Commonwealth.