STARK, Appellant, vs. BACKUS, District Attorney, and others, Respondents.

*October 9—October 26, 1909.*

*Sunday: Statutes: Construction: Barber shops: Constitutional law: Restraining enforcement of criminal law.*

1. In sec. 4595, Stats. (1898), providing that "any person who shall keep open his shop, warehouse or workhouse, or shall do any manner of labor, business or work, except only works of necessity and charity . . . on the first day of the week shall be punished," etc., the exception of "works of necessity and charity" relates to the doing of "labor, business or work" and not to keeping open a "shop, warehouse or workhouse."

2. The proviso added to said sec. 4595 by ch. 300, Laws of 1909, that "keeping open a barber shop on Sunday . . . shall not be deemed a work of necessity or charity," did not change the effect of the statute or render it invalid as being discriminatory against the keepers of such shops and as denying to them the equal protection of the laws or depriving them of liberty or property without due process of law.

3. Neither before nor after the addition of such proviso could keeping open a barber shop on Sunday be justified as a work of necessity or charity; nor would the state be obliged, in a prosecution for keeping open any shop, workhouse or warehouse in violation of said section, to plead or prove that such act was not a work of necessity or charity.

4. Even if, when it enacted said proviso, the legislature supposed that the exception as to works of necessity and charity applied to the keeping open of a shop, warehouse, or workhouse, that fact is not controlling upon the question of the construction of the pre-existing statute.

5. The complaint in this action to have sec. 4595, Stats. (1898), as amended, declared void, and to restrain the district attorney and others from instituting any proceeding against plaintiff for violation thereof, is *held* not to make a proper case for the exercise of the power of a court of equity to enjoin the enforcement of the criminal law.

APPEAL from orders of the circuit court for Milwaukee county: GEO. W. BURNELL, Judge. *Affirmed.*

For the appellant there was a brief by *Kronshage, McGov-*

·ern, Goff, Fritz & Hannan, and oral argument by G. D. Goff and F. E. McGovern. They contended, inter alia, that the remedy by injunction was proper: 22 Cyc. 903; 16 Am. & Eng. Ency. of Law (2d ed.) 372; 5 Pom. Eq. Jur. 632, 636; Pennoyer v. McConnaughy, 140 U. S. 1, 11 Sup. Ct. 699; Davis & F. Mfg. Co. v. Los Angeles, 189 U. S. 207, 23 Sup. Ct. 498; Dobbins v. Los Angeles, 195 U. S. 223, 25 Sup. Ct. 18; Smyth v. Ames, 169 U. S. 466, 18 Sup. Ct. 418; Ex parte Young, 209 U. S. 123, 28 Sup. Ct. 441; Cain v. Daly, 74 S. C. 480, 55 S. E. 110; Bryan v. Mayor, etc. 154 Ala. 447, 45 South. 922; Deems v. Mayor, etc. 80 Md. 164, 30 Atl. 648, 26 L. R. A. 542; Greenwich Ins. Co. v. Carroll, 125 Fed. 121; Milwaukee E. R. & L. Co. v. Bradley, 108 Wis. 467, 84 N. W. 870; Jos. Schlitz B. Co. v. Superior, 117 Wis. 297, 93 N. W. 1120; Bonnett v. Vallier, 136 Wis. 193, 116 N. W. 885; State ex rel. Zillmer v. Kreutzberg, 114 Wis. 530, 90 N. W. 1098; Ritchie v. People, 155 Ill. 98, 40 N. E. 454. The injunction should have been continued pendente lite: Valley I. W. Mfg. Co. v. Goodrick, 103 Wis. 436, 78 N. W. 1096; Quayle v. Bayfield Co. 114 Wis. 108, 89 N. W. 892; Bartlett v. L. Bartlett & Son Co. 116 Wis. 450, 93 N. W. 473; De Pauw v. Oxley, 122 Wis. 656, 100 N. W. 1028. The statute in question (ch. 300, Laws of 1909) is unconstitutional: Eden v. People, 161 Ill. 296, 43 N. E. 1108; Ex parte Jentzsch, 112 Cal. 468, 44 Pac. 803; State v. Granneman, 132 Mo. 326, 33 S. W. 784; State v. Lorry, 7 Baxt. (Tenn.) 95; Ragio v. State, 86 Tenn. 272, 6 S. W. 401; People v. Havnor, 149 N. Y. 195, 43 N. E. 541; Ex parte Westerfield, 55 Cal. 550, 36 Am. Rep. 47; Armstrong v. State, 170 Ind. 188, 84 N. E. 3, 15 L. R. A. n. s. 646; Pasadena v. Stimson, 91 Cal. 238, 27 Pac. 604. To be distinguished: Petit v. Minnesota, 177 U. S. 164, 20 Sup. Ct. 666; State v. Petit, 74 Minn. 376, 77 N. W. 225; People v. Havnor, 149 N. Y. 195, 43 N. E. 541; People v. Bellet, 99 Mich. 151, 57 N. W. 1094; Ex parte Northrup, 41 Oreg.

489, 69 Pac. 445; *State v. Sopher,* 25 Utah, 318, 71 Pac. 482; *State v. Bergfeldt,* 41 Wash. 234, 83 Pac. 177. The statute was not enacted in response to any public need: *State ex rel. Zillmer v. Kreutzberg,* 114 Wis. 530, 90 N. W. 1098; *State v. Redmon,* 134 Wis. 89, 114 N. W. 137; *State v. Whitcom,* 122 Wis. 110, 99 N. W. 468. The amendment of 1909 was special legislation: *State ex rel. Kellogg v. Currens,* 111 Wis. 431, 87 N. W. 561; *Black v. State,* 113 Wis. 205, 89 N. W. 522; *Huber v. Merkel,* 117 Wis. 355, 94 N. W. 354; *State ex rel. Risch v. Trustees,* 121 Wis. 44, 98 N. W. 954; *Bingham v. Milwaukee Co.* 127 Wis. 344, 106 N. W. 1071; *State v. Evans,* 130 Wis. 381, 110 N. W. 241; *Servonitz v. State,* 133 Wis. 231, 113 N. W. 277; *Phipps v. Wis. Cent. R. Co.* 133 Wis. 153, 113 N. W. 456; and several of the cases cited to other points. The proviso of 1909 was unreasonable: *Bonnett v. Vallier,* 136 Wis. 193; *State v. Redmon,* 134 Wis. 89; *State ex rel. Mil. Med. Coll. v. Chittenden,* 127 Wis. 468, 107 N. W. 500. The supreme court had already put a construction on this statute: *Jensen v. State,* 60 Wis. 577, 19 N. W. 374; *McArthur v. Green Bay & M. C. Co.* 34 Wis. 139. And the proviso added in 1909 amounts to an assumption by the legislature of the judicial power of construing statutes: *Sinking Fund Cases,* 99 U. S. 700; *Comm. ex rel. Roney v. Warwick,* 172 Pa. St. 140, 33 Atl. 373; *James v. State,* 45 Tex. Crim. 592, 78 S. W. 951.

For the respondents the district attorney and sheriff of Milwaukee county there was a brief by *August C. Backus,* district attorney, and *Norman L. Baker,* assistant district attorney, and the cause was argued orally by *Mr. Baker.*

For the other respondents there was a brief by *Boden & Beuscher,* and oral argument by *F. X. Boden.* To the point that without reference to the constitutionality of the act in question this was not a proper case for the interposition of equity to arrest the enforcement of the criminal law, respondents cited: *Carroll v. Greenwich Ins. Co.* 199 U. S. 401,

26 Sup. Ct. 66; *Smyth v. Ames,* 169 U. S. 466, 18 Sup. Ct. 418; *In re Sawyer,* 124 U. S. 200, 8 Sup. Ct. 482; 2 Story, Eq. Jur. (13th ed.) § 893; *Fitts v. McGhee,* 172 U. S. 516, 19 Sup. Ct. 169; *Minneapolis B. Co. v. McGillivray,* 104 Fed. 258; *Logan v. Postal Tel. & C. Co.* 157 Fed. 570; *Arbuckle v. Blackburn,* 113 Fed. 616; *Christian Moerlein B. Co. v. Hill,* 166 Fed. 140; *Denver v. Beede,.* 25 Colo. 172, 54 Pac. 624; *Poyer v. Des Plaines,* 123 Ill. 111, 13 N. E. 819; *Pleasants v. Smith,* 90 Miss. 440, 43 South. 475; *Chicago v. Chicago City R. Co.* 222 Ill. 560,. 78 N. E. 890; *Delaney v. Flood,* 183 N. Y. 323, 76 N. E. 209; *Eden Musee Am. Co. v. Bingham,* 125 App. Div. 780,. 110 N. Y. Supp. 210; *Suesskind v. Bingham,* 125 App. Div. 787, 110 N. Y. Supp. 213; *Shepard v. Bingham,* 125 App. Div. 784, 110 N. Y. Supp. 217; and many other cases. Even. if the proviso added in 1909 was void the whole act is not void, and the officers should be permitted to prosecute under the valid remainder of the act, citing: 1 Lewis's Sutherland,. Stat. Constr. (2d ed.) §§ 296 (169), 297 (170); *Lynch v. Steamer "Economy,"* 27 Wis. 69; *Wilcox v. Hemming,* 58 Wis. 144, 15 N. W. 435; and other cases. Upon the point. that the statute was constitutional the respondents relied upon, the cases cited and sought to be distinguished by the appellant. *supra,* and added: *Judefind v. State,* 78 Md. 510, 28 Atl.. 405, 22 L. R. A. 721; *Quarles v. State,* 55 Ark. 10, 17 S. W. 269, 14 L. R. A. 192; *State v. O'Rourk,* 35 Neb. 614, 53 N. W. 591, 17 L. R. A. 830; *Phillips v. Innes,* 4 Cl. & F. 234; *Comm. v. Waldman,* 140 Pa. St. 89, 21 Atl. 248;. *State v. Frederick,* 45 Ark. 347; *Stone v. Graves,* 145 Mass. 353, 13 N. E. 906; *Mills v. Charleton,* 29 Wis. 400; *Bound v. Wis. Cent. R. Co.* 45 Wis. 543.

TIMLIN, J. The appellant brought this suit in equity in. his own behalf and in behalf of all others similarly situated against the sheriff and district attorney of Milwaukee county

and a guild or association of barbers and several members
and officers of that guild, praying that a certain act of the
legislature of this state, hereinafter referred to, be declared
unconstitutional and void, and that the defendants and each
of them be enjoined from issuing or attempting to issue any
warrant or other criminal process against the appellant or his
agents or servants, and from instituting or attempting to
institute or maintain any proceeding, action, or suit, civil or
criminal, against the plaintiff, for violation of said pretended
law. Appellant based his claim to this relief upon the fact
that he is a citizen duly licensed or registered as a barber and
resides in Milwaukee, where he has conducted for more than
ten years last past and now conducts, in or adjacent to a
great hotel called the Plankinton House, a large barber shop,
with manicuring, bathing, shoe-polishing, and clothes-cleaning
adjuncts; that he employs therein a large number of barbers
and others, and he has expended large sums of money in
fitting up said shop for these purposes, and has been accus-
tomed to keep the shop with all its adjuncts open on Sunday
for the accommodation of the public generally, and for that
of the guests and patrons of said hotel particularly, and for
his own gain. He avers that he has thereby built up and
established a large and profitable trade, larger and more prof-
itable on Sunday than on any other day, and dependent on
this Sunday patronage. Great and irreparable loss will fall
upon the appellant and great inconvenience result to his said
patrons if this business is not permitted to continue as it
has heretofore been carried on. The defendant *Milwaukee
Branch of the Wisconsin Barbers' Association,* and the other
defendants (except the sheriff and district attorney), and
other persons unknown, did prior to the passage of the act in
question "combine, associate, agree, mutually undertake, and
concert together for the purpose of wilfully and maliciously
depriving the plaintiff of the good will of his business and to
bring about his personal and business ruin, and in further-

ance of such conspiracy were active in and responsible for the passage of the act in question, and caused said statute to be prepared and introduced in the legislature, and used their efforts, influence, and persuasion to have it enacted." Then, in furtherance of the same unlawful conspiracy, and to degrade the plaintiff and prejudice him before the public, and to injure and destroy plaintiff's business, they now, after the passage and publication of the act in question, threaten and intend to prosecute the plaintiff and his agents and servants under the said law by many and continued prosecutions, if plaintiff keeps open his said shop or place of business on Sunday for the purpose of engaging in the business before described. Repeated prosecutions and many arrests of the plaintiff and his employees are threatened if they continue to operate this shop on Sunday. This would result in a multiplicity of suits, in each of which the question of the constitutionality of this statute would be raised and must be determined. Upon a complaint of this kind the appellant obtained from a court commissioner an injunctional order prohibiting the defendants and each of them until the further order of the court from issuing or attempting to issue, applying for or having issued, any warrant or process against the appellant, and from instituting or attempting to institute any action or proceeding, civil or criminal, against the appellant for any alleged violation of said pretended law. On motion the circuit court, at the instance of the sheriff and district attorney by one order, and at the instance of the other defendants by another and separate order, vacated the said injunctional order, and these appeals by the plaintiff are from the last-mentioned orders of the circuit court.

2. Two questions are presented for consideration: Is the statute in question valid? Is there a proper case presented for enjoining the sheriff and the district attorney from enforcing the criminal law? The appellant makes no attack upon Sunday laws in general, conceding in substance, as we

understand him, that the legislature has power to select "the venerable day of the Sun," or the no less venerable "Sabbath Day," and enforce in the interest of public health and welfare a cessation of business and labor on that day. But it is contended that because of the change in the statute law on that subject wrought by ch. 300, Laws of 1909, the law is no longer uniform in its operation, but absolutely prohibits those engaged in shaving and hair cutting, and incidentally those engaged in conducting as adjuncts to such business bathing, manicuring, shoe-polishing, and clothes-cleaning departments, from keeping open a shop or workhouse on Sunday. It accomplishes this by declaring that keeping open a barber shop on that day for the purpose of cutting hair and shaving beards shall not be deemed a work of necessity or charity, while it permits keepers of similar shops, indistinguishable upon any proper or lawful basis of classification, to require the state to show that similar acts upon that day on their part were not works of necessity and charity, or permits such persons to show that similar acts on their part were acts of necessity or charity and so justify their like acts and escape conviction. It is contended that, there being no reasonable or valid ground for such distinction or classification, the act in question with the proviso of 1909 denies to appellant the equal protection of the law and deprives him of liberty and property without due process of law, thus contravening secs. 1 and 8, art. I, of the constitution of Wisconsin, and art. XIV of the constitution of the United States.

The following general Sunday law, apparently borrowed from Massachusetts, has been upon our statute books since 1849:

"Any person who shall keep open his shop, warehouse or workhouse, or shall do any manner of labor, business or work, except only works of necessity and charity . . . on the first day of the week shall be punished by fine not exceeding ten dollars; . . . no civil process shall be served or executed on said day." Sec. 4595, Stats. (1898).

The legislature of 1909, by ch. 300 of the laws of that year, amended this statute, thereby making no change except by adding:

"Provided, however, that keeping open a barber shop on Sunday for the purpose of cutting hair and shaving beards shall not be deemed a work of necessity or charity."

It will be observed that prior to the amendment of 1909 the exception of works of necessity and charity related to "labor, business or work" and not to keeping open a shop, warehouse, or workhouse. This we think is very apparent from the words of the statute, and this has been the construction of the similar statute in Massachusetts. *Comm. v. Dextra,* 143 Mass. 28, 8 N. E. 756; *Comm. v. Starr,* 144 Mass. 359, 11 N. E. 533; *Comm. v. Osgood,* 144 Mass. 362, 11 N. E. 536; *Comm. v. Dale,* 144 Mass. 363, 11 N. E. 534; *Comm. v. Has,* 122 Mass. 40; *Comm. v. Nagle,* 117 Mass. 142; *Comm. v. Collins,* 2 Cush. 556. There is quite a variety of Sunday statutes, and it aids very little in clearing up the situation in hand to cite cases from the courts of Illinois, California, or New York, where the Sunday statutes are essentially different. Such cases may be useful and indeed highly persuasive upon the proposition that where the statute does, without reasonable ground therefor, discriminate against barbers or barber shops it will be held invalid, but do not at all touch the question whether the statute here does so unreasonably discriminate.

We do not find that this court has ever held that the exception contained in the statute under consideration related to the offense of keeping open on Sunday a shop or workhouse. If we consult only the syllabus of *Jensen v. State,* 60 Wis. 577, 19 N. W. 374, that case would seem to lend color to the contention that the exception in question applied to all offenses under this section of the statutes; but the complaint held to be defective is preserved in the report of that case, and from this it appears that the accused was there charged, not with keeping open a shop or workhouse, but with an act

of "labor, business, or work." So we must conclude that prior to the amendment of 1909 the appellant could not have justified the keeping open of his barber shop on Sunday upon the ground that this was a work of necessity or charity, for the reason that the exception in the statute in question did not at all relate to the offense of keeping open a shop or workhouse, if for no other reason. The appellant could have made no such defense prior to the amendment of 1909, and he can make no such defense after this amendment where he is charged with keeping open his shop or workhouse. The state, upon such a charge fully and properly pleaded, was not then, and is not now, required to negative this exception by pleading or proof. On the other hand, then as now, if the appellant was charged with an act of shaving or hair cutting on Sunday, the state must negative the exception in the statute by pleading and proof (*La Point v. Cady,* 2 Pin. 515; *Splinter v. State, post,* p. 567, 123 N. W. 97), or the appellant so charged might aver if he pleased, and prove if he could, that the act was one of necessity or charity. It may, however, be noticed in passing that in Michigan, where the Sunday statute is so framed that the exception does apply to the offense of keeping open shop, it was decided that the legislature had power to withdraw the benefit of the exception from barber shops on the ground that there did or might exist sufficient reasons for applying a different rule to such shops. *People v. Bellet,* 99 Mich. 151, 57 N. W. 1094.

But it may be argued that the legislature of 1909 thought that the exception with respect to works of necessity and charity applied to the offense of keeping open a shop or workhouse for the purpose of carrying on business therein, or it would not have amended the law by adding the proviso in question. This is probably true as matter of fact, but not controlling in questions of construction. 26 Am. & Eng. Ency. of Law (2d ed.) 680, and cases cited; *Railroad Tax Cases,* 13 Fed. 722. Adding such proviso to an existing law is not the same as making it part of a new statute. The

legislature may well have been mistaken with reference to a matter so much outside of its jurisdiction as the construction of a pre-existing statute. *McNaughton v. Ticknor,* 113 Wis. 555, 89 N. W. 493.

Considering the clear language of the former statute, the amended statute only tends to the conclusion that the later legislature acted from abundant, or perhaps superabundant, caution. *State v. Petit,* 74 Minn. 376, 77 N. W. 225, affirmed *Petit v. Minnesota,* 177 U. S. 164, 20 Sup. Ct. 666. The Minnesota statute under consideration in the cases last cited presented a much stronger case against the validity of the proviso than the case at bar. There was by that statute no separate offense created and not affected by the exception, but all labor on Sunday was prohibited excepting only works of necessity and charity. Works of necessity and charity were then defined by the same statute to include whatever is needful during the day for the good order, health, or *comfort* of the community. To this was afterwards added a proviso in the same words as the proviso here in question. But it was considered that the act of keeping open a barber shop on Sunday as mentioned in the proviso could not come within the exception prior to the amendment because not a work of necessity or charity, notwithstanding the broad scope given those words by the definition found in the statute, and that the addition of the proviso was but the result of abundant caution on the part of the legislature. Our statute as it now exists, with the proviso of 1909 added, contains no discriminatory features, and its validity must be affirmed.

3. Aside from the question of the constitutionality of the act of 1909, this complaint did not make a proper case for the exercise of the power of a court of equity to enjoin the enforcement of the criminal law, and it is not to be presumed from the brevity of the opinion upon this point that the question has not been carefully considered and fully determined.

*By the Court.*—The orders appealed from are affirmed.