WILLIAM F. ANDERSON & others *vs.* SECRETARY OF THE COMMONWEALTH.

SAME *vs.* ATTORNEY GENERAL.

Suffolk.   March 26, 1926. — April 9, 1926.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Constitutional Law*, The initiative. *Secretary of the Commonwealth. Attorney General.*

A determination by the Attorney General under art. 48, The Initiative, §§ 2, 3, of Amendments to the Constitution, that a measure accompanying an initiative petition and entitled, "An Act to permit certain sports and games on the Lord's day," "sets forth a measure which is in proper form for submission to the people; that it is not, either affirmatively or negatively, substantially the same as any measure which has been qualified for submission or submitted to the people within three years preceding the first Wednesday in December next; and that it contains only subjects not excluded from the popular initiative and which are related or which are mutually dependent," is final; and it is not open to attack either by a petition for a writ of mandamus or by a petition for a writ of certiorari, based on contentions that the certificate should not have been issued because the proposed measure relates to religion, religious practices, and religious institutions and is restricted in its operation to particular cities and towns, and, therefore, is not a proper subject for an initiative petition.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on February 13, 1926, and afterwards amended, for a writ of mandamus commanding the Secretary of the Commonwealth to refrain from submitting to the people upon an initiative petition a proposed act to permit certain sports and games on the Lord's day. Also, a

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on February 16, 1926, and afterwards amended, for a writ of certiorari addressed to the Attorney General to set aside and quash a certificate issued by him that the initiative petition above described "sets forth a measure which is in proper form for submission to the people; that it is not, either affirmatively or negatively, substantially the same as any measure which has been qualified for submission or submitted to the people within three years preceding the first Wednesday in December next; and that it contains only subjects not excluded from the popular initiative and which are related or which are mutually dependent."

Answers were filed to both petitions and they were severally reserved by *Crosby,* J., for determination by the full court.

*H. S. Davis,* (*S. W. Mendum* with him,) for the petitioners.

*M. F. Weston,* Assistant Attorney General, for the respondents.

BRALEY, J. The salient facts involved in these cases appear in Acts and Resolves of 1925, page 473. Under art. 48 of the Amendments to the Constitution, "The Initiative. II. Initiative Petitions. Section 3," an initiative petition was filed in the office of the Secretary of the Commonwealth, September 18, 1924, signed by ten qualified voters together with the certification of the Attorney General that the measure was in proper form for submission to the people, and the remainder of more than the required number of qualified voters was filed December 1, 1924, representing that there was need for legislation either by the General Court or by the people, to permit certain athletic and outdoor sports and games on the Lord's day between two and six P.M. to which admission fees may be charged, and the taking of collections of money and other provisions, which was accompanied by a bill entitled "An Act to permit certain sports

and games on the Lord's day." The petition, January 7, 1925, was transmitted by the Secretary to the clerk of the House of Representatives and was thereby deemed to be introduced and pending in the General Court. The record above referred to continues: "The General Court at its session of 1925, after due consideration of the petition and its accompanying bill, . . . failed to enact the law in the form in which it appeared with the petition, or a law in any form before the first Wednesday of June, 1925. The committee on legal affairs of the General Court filed a majority and minority report which was printed as House document No. 1181 for the year 1925. Forms were supplied the petitioners to obtain the required number of additional signatures required by the Constitution. Said petition was completed by the filing in this office [of the Secretary] August 3, 1925, of a sufficient number . . . of additional signatures of qualified voters of the Commonwealth and said law will be submitted for approval or disapproval by the people at the State election November 2, 1926."

The proposed act, a copy of which appears in the record in each case, is intended to modify the restrictions relating to the observance of the Lord's day found in G. L. c. 136, as amended. It is contended, in substance, by the petitioners for a writ of mandamus and for a writ of certiorari that the proposed act "relates to religion, religious practices and religious institutions," and that it "is restricted in its operation to particular cities and towns."

The Constitution as amended is the direct and fundamental expression of the sovereign will of the citizens of the Commonwealth. It constitutes an absolute rule of action and decision for departments and officers of the government as to all matters governed by it. It controls as it is written until changed by the authority by which it was established. *Case of Supervisors of Election,* 114 Mass. 247. *Wright v. Hart,* 182 N. Y. 330. *M'Culloch v. Maryland,* 4 Wheat. 316. *Cohens v. Virginia,* 6 Wheat. 264.

While no measure that relates to religious practices, or religion, or religious institutions can be made the subject of an initiative petition, the Attorney General is required to

certify that the measure is in proper form.  Art. 48, The Initiative, §§ 2, 3.  A petition is not in proper form if it falls within the exclusion.  The Attorney General, therefore, is to pass upon this question before making his certification of approval or disapproval.  This power is expressly conferred upon him in unequivocal words.  The question, whether the preliminary requirements have been complied with, is for him to determine and his decision, in the absence of bad faith, is final.  It cannot be set aside by this court which can interpret, but cannot override the organic law. The provision that the act is made dependent upon the efficacy of local acceptance is a valid police regulation. *Commonwealth* v. *Has,* 122 Mass. 40, 42.  *Commonwealth* v. *Kirshen,* 194 Mass. 151.  *O'Brien* v. *Shea,* 208 Mass. 528, 534.  *Commonwealth* v. *Nickerson,* 236 Mass. 281, 305. G. L. c. 136, § 7.

It follows that the petition for mandamus in the first case, to restrain the Secretary of the Commonwealth from submitting the measure to the people, and the petition for certiorari in the second case, to quash the certification of the Attorney General, must be dismissed.

*So ordered.*