SAMUEL H. THOMPSON & others *vs.* SECRETARY OF THE COMMONWEALTH.

Suffolk.   October 9, 1928. — October 15, 1928.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Constitutional Law,* Question of "public policy." *Attorney General. Secretary of the Commonwealth.   Elections.   Ballot.   Jurisdiction. Supreme Judicial Court.   Words,* "Public policy."

A decision by the Attorney General, upon an application under G. L. c. 53, § 19, as amended by St. 1925, c. 97, asking for the submission to the voters of a senatorial district of the question, "Shall the Senator from this district be instructed to vote for a resolution memorializing Congress for the repeal of the eighteenth amendment to the Constitution of the United States known as the Prohibition Amendment?" that "such question is one of public policy," is final and, in the absence of any question as to the power of the Legislature so to memorialize Congress or as to the good faith of the Attorney General, is not subject to review by this court upon a petition for a writ of mandamus to restrain the Secretary of the Commonwealth from placing the question on the ballot.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on October 9, 1928, for a writ of mandamus.

The case was reserved by *Sanderson,* J., upon the petition and answer for determination by the full court.

*C. A. Parker,* (*J. H. White* with him,) for the petitioners.

*F. D. Putnam,* Assistant Attorney General, for the respondent.

WAIT, J.  The petitioner prays that this court by a writ of mandamus restrain the Secretary of the Commonwealth from printing on the ballot in several senatorial districts for the election in November next this question: "Shall the Senator from this district be instructed to vote for a resolution memorializing Congress for the repeal of the eighteenth amendment to the Constitution of the United States known as the Prohibition Amendment?"

The authority of the Secretary to place this question on the ballots is derived from G. L. c. 53, § 19, as amended by St. 1925, c. 97, which provides as follows: "On an application signed by twelve hundred voters in any senatorial district, or by two hundred voters in any representative district, asking for the submission to the voters of that senatorial or representative district of any question of instructions to the senator or representatives from that district, and stating the substance thereof, the Attorney General shall upon request of the State Secretary determine whether or not such question is one of public policy, and if such question is determined to be one of public policy, the State Secretary and the Attorney General shall draft it in such simple, unequivocal and adequate form as shall be deemed best suited for presentation upon the ballot.  Upon the fulfilment of the requirements of this and the two following sections the State Secretary shall place such question on the official ballot to be used in that senatorial or representative district at the next State election."

The petitioner contends that the statute does not authorize the action complained of because the question posited is not "a question of public policy for the State of Massachusetts or for the citizens thereof, and is not included within the intent and meaning of the words 'question of public policy' as used in said statute."

At the outset, although neither party has presented it, a question of jurisdiction of the court arises.  We held in *Anderson* v. *Secretary of the Commonwealth,* 255 Mass. 366,

where the petitioner sought by petition for mandamus to restrain the Secretary from placing an initiative petition before the people, on the ground that it related "to religion, religious practices and religious institutions," and was "restricted in its operation to particular cities and towns," that the certificate of the Attorney General that the measure was in proper form was decisive. Since the power to determine had been conferred upon him in unequivocal words, and no bad faith appeared, this court could not set it aside. The force of that decision is not weakened by *Brooks* v. *Secretary of the Commonwealth,* 257 Mass. 91. The defect which it was then held prevented the Secretary from printing the ballots was aside from the matter certified by the Attorney General and was not within the authority conferred. The decision whether an initiative petition related to the question of religion, religious practices and religious institutions, does not differ in kind from a determination whether an instruction relates to public policy. We see no reason why, if one may be left to the Attorney General for decision which is to be final, the other may not.

By the express words of the statute "The Attorney General shall . . . determine whether or not the question is one of public policy." No provision is made for any appeal from his determination. It is manifest that the Legislature contemplated that uncertainty might arise whether the question of instructions related to a matter of public policy. G. L. c. 53, § 19, placed the duty of deciding its character upon the Secretary of the Commonwealth. St. 1925, c. 97, was passed to shift the burden to the Attorney General. It is often important that no time be lost in deciding whether a matter is proper to be placed upon the ballot. The Secretary must act in season to be able to present the ballots at the polling places at the moment fixed for the election. Fear that resort to the courts might result in injurious delay may well have led the Legislature to place final authority in the Attorney General; especially where no property or personal right of individuals could be affected by the result of the determination, and where the matter in which he is

to act is within the power of the Legislature.  Clearly the Legislature of its own motion might have addressed such a memorial to Congress.

In the matter before us the language of the statute is clear that the decision for the purpose of placing the question on the ballot rests with the Attorney General.  As no question is made of the power of the Legislature so to memorialize Congress, nor of the good faith of the Attorney General, nothing is open on this record for the court's action.

*Petition denied.*