COMMONWEALTH *vs.* HAROLD CHERNOCK
(and two companion cases against the same defendant).

Hampden.    September 26, 1957. — November 13, 1957.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Lord's Day. Pleading, Criminal,* Complaint.    *Constitutional Law,* Religion.

A complaint charging that the defendant, on a certain Lord's day in 1954, kept "open his shop . . . [at a specified place] for the purpose of doing business therein, said business . . . not coming within the exceptions set out in" G. L. (Ter. Ed.) c. 136, § 6, as amended, alleged that the shop was kept open for an unlawful purpose and adequately set forth facts essential to the commission of an offence under § 5. [386]

The enforcement of G. L. (Ter. Ed.) c. 136, § 5, against a defendant who, because of his religious convictions, closed his shop to business every Saturday and Jewish holiday but kept it open for business on Sundays, violated no religious rights of the defendant under the Constitution of Massachusetts.  [386]

THREE COMPLAINTS, received and sworn to in the District Court of Springfield on May 12, June 1, and June 7, 1954.

On appeal to the Superior Court, the cases was heard by *Hudson,* J., without jury.

In this court the cases were submitted on briefs.

*Samuel L. Fein, Justin G. Cavanaugh, & Sherman E. Fein,* for the defendant.

*Stephen A. Moynahan,* District Attorney, & *Edward J. Dobiecki,* Assistant District Attorney, for the Commonwealth.

WILLIAMS, J.    The defendant has been convicted in the Superior Court on three complaints which charged that on

the respective dates of May 2, 1954, May 30, 1954, and June 6, 1954, he kept "open his shop at 57 Sumner Avenue, in Springfield, for the purpose of doing business therein, said business not being a work of necessity and charity and said business not coming within the exceptions set out in Section 6 of Chapter 136 of the General Laws as amended."

The complaints were brought under G. L. (Ter. Ed.) c. 136, § 5, which provides that "Whoever on the Lord's day keeps open his shop, warehouse or workhouse, or does any manner of labor, business or work, except works of necessity and charity, shall be punished . . . ." The offences with which the defendant is charged are those stated in the first part of the statute, namely, the keeping open of a shop on a Sunday, to which proof that the keeping is a work of necessity or charity is no defence. *Commonwealth* v. *Has,* 122 Mass. 40. *Commonwealth* v. *Dextra,* 143 Mass. 28. *Commonwealth* v. *Starr,* 144 Mass. 359, 361.

The cases were submitted on the following agreed facts. The defendant conducts a combination Kosher and super market which, because of his religious convictions, is closed to business every Saturday and Jewish holiday but remains open to business on Sundays. On the days specified in the complaints, which were Sundays, the defendant kept his market open after ten o'clock in the forenoon and until closing time and did sell to the public Kosher meats, bakery goods, vegetables and canned goods of all types. It is apparent that the facts show violations of § 5 and do not bring the defendant within the limitations provided by § 6, as amended, namely, that § 5 shall not prohibit "the selling or delivering of kosher meat by any person who, according to his religious belief, observes Saturday as the Lord's day by closing his place of business during the day until six o'clock in the afternoon, or the keeping open of his shop on the Lord's day for the sale of kosher meat between the hours of six o'clock and ten o'clock in the forenoon."

The defendant's exceptions are to the denial of motions

to dismiss on the grounds "That the complaints do not set forth a crime fully, plainly, substantially and formally as required by art. 12 of the Constitution and by the standing laws," and "That the complaints charge that the defendant did: 'keep open your shop at 57 Sumner Avenue for the purpose of doing business therein,' which does not constitute a crime since the defendant is authorized to keep open his shop under the provisions of the 1950 amendment to § 6 of c. 136 of the General Laws."

The complaints adequately charge facts essential to the commission of the alleged offences. It is alleged that the keeping open of the shop was for the transaction of business and therefore for an unlawful purpose. See *Commonwealth v. Collins*, 2 Cush. 556, 558; *Commonwealth v. Dextra*, 143 Mass. 28; *Commonwealth v. Osgood*, 144 Mass. 362.

That the rights of the defendant to religious liberty and equality (*Glaser v. Congregation Kehillath Israel*, 263 Mass. 435, 437) under the Constitution of this Commonwealth are not violated by the enforcement of the instant statute is settled. *Commonwealth v. Has*, 122 Mass. 40, 42. There was no error in denying the defendant's motions to dismiss.

*Exceptions overruled.*