MERIT OIL COMPANY *vs.* DIRECTOR OF THE DIVISION ON
THE NECESSARIES OF LIFE.

Suffolk.   January 10, 1946. — March 6, 1946.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & WILKINS, JJ.

*Constitutional Law*, Police power, Due process of law, Assertion of con
stitutional rights.   *Evidence*, Presumptions and burden of proof.
*Sign.   Gasoline.*

Averments in a bill in equity by a retail gasoline dealer fell short of stating
facts which would warrant a conclusion that, applied to his business,
the provisions of G. L. (Ter. Ed.) c. 94, § 295C, as appearing in St. 1939,
c. 459, § 1, were arbitrary and oppressive, had no relation to the public
interest, and therefore were unconstitutional.
One assailing a statute as unconstitutional has the burden of proving the
absence of grounds on which it may be supported; if there is no such
proof the presumption of validity of the statute prevails.

BILL IN EQUITY, filed in the Superior Court on Septem-
ber 7, 1945.

A demurrer was sustained by *Goldberg*, J.

*E. O. Proctor*, for the plaintiff.

*C. A. Barnes*, Attorney General, *& R. Clapp*, Assistant
Attorney General, for the defendant, submitted a brief.

RONAN, J.   The plaintiff alleges in its bill of complaint
that it is a retail dealer in gasoline, operating seventeen
filling stations within the Commonwealth and associated
with what is commonly known as the independent branch
of the retail gasoline industry, as distinguished from gaso-
line dealers distributing the products of nationally organ-
ized companies and selling products that have been adver-
tised throughout the country; that it customarily sells a
single grade of gasoline at one price and under one name,
although under war conditions it has sold two grades of
gasoline; that in order to compete with nationally adver-
tised brands, it must sell its products at a slightly lower
price; and that it is necessary to bring the price of its
gasoline to the attention of motorists by means of signs in

order to enable it to compete with the major companies. The bill seeks to enjoin the defendant from enforcing G. L. (Ter. Ed.) c. 94, § 295C, inserted by St. 1938, c. 411, as appearing in St. 1939, c. 459, § 1, which requires in the first paragraph that a retail dealer of gasoline display on each pump or dispensing device at least one sign, but not more than two signs, stating the price of the gasoline. These signs shall not be larger than eight by ten inches. The second paragraph provides: "No signs stating or relating to the price of motor fuel, and no signs designed or calculated to cause the public to believe that they state or relate to the price of motor fuel, other than the signs referred to in the preceding paragraph and required to be displayed upon pumps and other dispensing devices, shall be posted or displayed on or about the premises where motor fuel is sold at retail, and within view of any public highway or reservation." The plaintiff appealed from an interlocutory decree sustaining a demurrer and from a final decree dismissing the bill.

The plaintiff contends that the statute imposes an arbitrary and unreasonable restriction upon its right to conduct its business, and deprives it of its property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States and of arts. 1 and 10 of the Declaration of Rights of the Constitution of Massachusetts.

The right of every citizen to enjoy liberty and to acquire and possess property, including the right to engage in any lawful private business or occupation, is protected by arts. 1 and 10 of the Declaration of Rights of the Constitution of Massachusetts and by the Fourteenth Amendment to the Constitution of the United States. And the right to engage in such a business or occupation carries with it the making of contracts, the advertising of goods, the solicitation of customers, and the adoption of the various means that are usually employed to encourage trade and to extend the market for goods. *Holcombe* v. *Creamer*, 231 Mass. 99, 108, 109. *Opinion of the Justices*, 271 Mass. 598, 601. *Louis K. Liggett Co.* v. *Baldridge*, 278 U. S. 105, 113. *New*

*State Ice Co.* v. *Liebmann,* 285 U. S. 262, 278. But one cannot conduct his business or pursue his occupation in any way he may desire. He is subject to reasonable regulations designed to protect the public interest. A reasonable regulation governing the sales of property does not deprive the owner of his property without due process of law. *Commonwealth* v. *Crane,* 162 Mass. 506. *Commonwealth* v. *Libbey,* 216 Mass. 356. *Nebbia* v. *New York,* 291 U. S. 502. *Pacific States Box & Basket Co.* v. *White,* 296 U. S. 176.

The Legislature may regulate and even prohibit the advertising of goods and prices if, in its judgment, such action is reasonably necessary for the promotion of the public safety, the safeguarding of the public health, the protection of the public morals or the advancement of the public welfare. Prohibition of advertising detrimental to the public interest has been frequently sustained by this court. The advertising of lottery tickets, *Commonwealth* v. *Clapp,* 5 Pick. 41, *Commonwealth* v. *Hooper,* 5 Pick. 42; false statements that a college is authorized to grant degrees, *Commonwealth* v. *New England College of Chiropractic,* 221 Mass. 190; advertising the sale of drugs, medicines or articles for the prevention of conception or for the procuring of abortions, *Commonwealth* v. *Allison,* 227 Mass. 57, *Commonwealth* v. *Hartford,* 193 Mass. 464, *Commonwealth* v. *Gardner,* 300 Mass. 372; false and misleading statements in advertisements, *Commonwealth* v. *Reilly,* 248 Mass. 1; advertising services in the matter of procuring divorces, *Matter of Cohen,* 261 Mass. 484; the display of a small professional sign by an attorney outside his home and contrary to a zoning ordinance, *Lexington* v. *Govenar,* 295 Mass. 31; the soliciting of business through advertisements by attorneys and dentists, *Matter of · Maclub of America, Inc.* 295 Mass. 45, 48, *Commonwealth* v. *Brown,* 302 Mass. 523; and advertising the prices of eyeglasses for retail sale, *Commonwealth* v. *Ferris,* 305 Mass. 233, have all been held to be legally prohibited. Limitations have been properly imposed on methods and places of advertising. An employer seeking employees during a strike must mention the fact

that a strike exists when advertising for help. *Commonwealth* v. *Libbey*, 216 Mass. 356. One may advertise the retail price of frames for eyeglasses if he states that the price does not include the lenses or the examination of the eyes. *Commonwealth* v. *Ferris*, 305 Mass. 233. See *Commonwealth* v. *McCafferty*, 145 Mass. 384; *General Outdoor Advertising Co. Inc.* v. *Department of Public Works*, 289 Mass. 149, 188; *Fifth Avenue Coach Co.* v. *New York*, 221 U. S. 467; *Thomas Cusack Co.* v. *Chicago*, 242 U. S. 526; *St. Louis Poster Advertising Co.* v. *St. Louis*, 249 U. S. 269; *Packer Corp.* v. *Utah*, 285 U. S. 105.

We assume that the Legislature was motivated by knowledge that the sales of gasoline at filling stations were being conducted in such a manner as to defraud, deceive or mislead the public with reference to the prices at which the gasoline was sold. Price signs or, for that matter, any signs, to have any value, must be sufficient to attract the attention of the motorist, whether he be passing in the daytime or at night. The size, location, color, lighting effects, and wording of the signs are decided with reference to their ability to induce motorists to stop and to purchase gasoline. Signs may be arranged and worded so as to feature a certain grade or brand and to convey the impression that it is sold at less than the prevailing market price; or the signs may be set up so as to lead one to believe that the price displayed refers to one grade or brand when in truth it refers to another; or there may be such a wealth of signs with exaggerated and blatant statements of the virtues and prices of the products that the motorist is left in doubt and confusion; or a sign displaying a price in large figures, and placed near a pump on which the price sign required by the statute is posted, may lead the motorist to believe that he can purchase at the rate on the sign near the pump rather than at the price stated on the comparatively small sign posted on the pump.

We do not know on what legislative findings the statute, § 295C, was based. The Legislature possesses a large measure of discretion to determine what the public interests require and what means should be taken to protect those

interests.  The field for the legitimate exercise of the police power is coextensive with the changing needs of society. The record does not negative the existence of any of the possible findings that have been mentioned.  All rational presumptions are in favor of the validity of an act of the legislative department of the government.  *Perkins* v. *Westwood,* 226 Mass. 268.  *Moore* v. *Election Commissioners of Cambridge,* 309 Mass. 303.  *Morrissey* v. *State Ballot Law Commission,* 312 Mass. 121, 130.

It is alleged in the bill that the plaintiff customarily sells only one grade of gasoline, and that it is more necessary for it to depend on signs advertising the prices than some of its competitors.  The allegations of the bill, however, are not sufficient, either in terms or by necessary implication, to show that the plaintiff sells but one grade of gasoline, and no such conclusion is admitted by the demurrer.  *Johnson* v. *East Boston Savings Bank,* 290 Mass. 441, 446, 447. *Comerford* v. *Meier,* 302 Mass. 398, 402.  We do not intimate that if the plaintiff was selling only one grade of gasoline, or even if it was the only dealer in this Commonwealth selling a single grade, it would be immune, on constitutional grounds, from the reach of the statute.  *Massachusetts General Hospital* v. *Belmont,* 233 Mass. 190.  *Milton* v. *Donnelly,* 306 Mass. 451.  *Wickard* v. *Filburn,* 317 U. S. 111, 129, 130.

One assailing a statute on constitutional grounds has the burden of proving the absence of any conceivable grounds upon which the statute may be supported.  "As underlying questions of fact may condition the constitutionality of legislation of this character, the presumption of constitutionality must prevail in the absence of some factual foundation of record for overthrowing the statute."  *O'Gorman &amp; Young, Inc.* v. *Hartford Fire Ins. Co.* 282 U. S. 251, 257–258. "The burden is not sustained by making allegations which are merely the general conclusions of law or fact. . . . Facts relied upon to rebut the presumption of constitutionality must be specifically set forth."  *Pacific States Box &amp; Basket Co.* v. *White,* 296 U. S. 176, 185.  Congress in dealing with filled milk products, U. S. C. (1940 ed.) Title

21, § 61, was not prevented from barring them from interstate commerce by the fact that the containers were truthfully labelled, as the labelling did not preclude the possibility of confusion and deception, and, as stated by the court, "we have determined that the avoidance of confusion furnished a reason for the enactment of the Filled Milk Act." *Carolene Products Co.* v. *United States,* 323 U. S. 18, 28. See *Nebbia* v. *New York,* 291 U. S. 502, 526–528. The allegations contained in the bill, if proved, would fall short of proving that the statute is arbitrary and oppressive, having no rational relation to the public interest. *Howes Brothers Co.* v. *Unemployment Compensation Commission,* 296 Mass. 275. *Old Colony Railroad* v. *Assessors of Boston,* 309 Mass. 439. *West Coast Hotel Co.* v. *Parrish,* 300 U. S. 379. *Olsen* v. *Nebraska,* 313 U. S. 236.

The statute, § 295C, requires the posting of price signs in one place where a motorist becomes accustomed to look for them in order to learn the price before he purchases, and the dealer cannot as a practical matter charge more than the price posted upon the pump through which the gasoline is delivered. The statute does not fix any price or even forbid the display of as many signs as the dealer may desire, provided these other signs do not state the price.

The contention of the plaintiff that the statute imposes an arbitrary and unreasonable restriction upon its business cannot be sustained. Every objection that the plaintiff has raised has already been considered by this court in *Slome* v. *Chief of Police of Fitchburg,* 304 Mass. 187, and decided against the plaintiff. A similar statute requiring the posting of price signs upon the pumps and prohibiting the display of price signs at any other place upon the filling station premises has been sustained over objections identical with those urged in the instant case. *People* v. *Arlen Service Stations, Inc.* 284 N. Y. 340. *People* v. *Bluestein,* 284 N. Y. 800. In so far as the conclusion here reached may be in conflict with *State* v. *Miller,* 126 Conn. 373, and *Regal Oil Co.* v. *State,* 123 N. J. L. 456, we do not follow them.

*Interlocutory decree affirmed.*
*Final decree affirmed.*