COMMONWEALTH *vs.* JOSEPH A. CHAMBERLAIN
(and a companion case[1]).

Plymouth.    October 3, 1960. — June 19, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Lord's Day.    Constitutional Law,* Police power, Due process of law, Equal protection of laws, Lord's day.    *Words,* "Shop," "Business."

An "automatic laundry" which on Sunday was open to patrons, although neither the proprietor nor any employee of his was present, and in which washing and drying machines were available to and used by patrons, and power and water supplied automatically, upon insertion of coins, but no washing materials were offered for sale, was a "shop" within G. L. c. 136, § 5, and was "open . . . for the purpose of doing business" as alleged in a complaint against the proprietor for violation of § 5.    [50–51]

G. L. c. 136, § 5, does not violate art. 1 of the Declaration of Rights of the Massachusetts Constitution or the due process clause of the Fourteenth Amendment to the Constitution of the United States; nor violate the equal protection of laws clause of the Fourteenth Amendment by reason of the exceptions to § 5 found in § 6 and elsewhere in c. 136.    [51–53]

[1] The companion case is entitled Commonwealth *vs.* Anders Martenson, Junior.

Two COMPLAINTS received and sworn to in the Fourth District Court of Plymouth on December 14, 1959.

Upon appeal to the Superior Court the cases were heard by *Kirk, J.*, without jury.

*Allan M. Hale, (Albert T. Maddigan* with him,) for the defendants.

*John R. Wheatley,* District Attorney, for the Commonwealth.

WILKINS, C.J.   Each defendant is charged in a complaint that on December 13, 1959, he ''did on the Lord's day keep open his shop for the purpose of doing business or work.   Ch. 136, Sec. 5.''   Waiving a jury, they were tried on a statement of agreed facts, were found guilty, and have appealed.

Each defendant ''is the owner and operator of [a] coin-operated automatic laundry'' in Middleboro.   On Sunday, December 13, 1959, the ''place of business'' of each defendant was open, and the doors were unlocked.   Neither defendant nor any employees were present.   Washing machines and drying machines were available and in use by patrons.   To operate, patrons place laundry in them and insert a coin.   Power and water are supplied automatically. The patrons perform all the labor, and on Sundays, when no merchandise is sold or offered for sale, furnish their own washing materials.

The defendants first contend that an automatic laundry as operated by them is not a ''shop'' within the meaning of G. L. (Ter. Ed.) c. 136, § 5, which provides:   ''Whoever on the Lord's day keeps open his shop, warehouse or workhouse, or does any manner of labor, business or work, except works of necessity and charity, shall be punished by a fine of not more than fifty dollars.''   We disagree.   As was said in *Boston Loan Co.* v. *Boston,* 137 Mass. 332, 336, '' 'Shop,' in its popular as well as legal meaning, is not confined to a workshop.   It is a word of various significance, and 'store' and 'workshop' are both included in it, and do not exhaust its meaning.''   We think that each ''place of business,'' to quote a phrase from the agreed facts, is a

"shop" within the meaning of § 5. *Commonwealth* v. *Moriarty,* 311 Mass. 116, 119–121.

The defendants' shops were open for the doing of business, as alleged in the complaints. The furnishing of machines, water, and power in return for a consideration is doing business. " 'Business' . . . is a word of extensive use and indefinite signification." *Collector of Taxes of Boston* v. *New England Trust Co.* 221 Mass. 384, 388. *Boston & Providence R.R.* v. *Old Colony R.R.* 269 Mass. 190, 197. See *Hanson* v. *Culton,* 269 Mass. 471, 476. The sweeping effect of the statute embraces the laundromat of which each defendant "is the owner and operator," again to quote a phrase from the agreed facts. There need not be a sale of goods. *Commonwealth* v. *Dextra,* 143 Mass. 28 (barber shop). In this day of automation the physical absence of the defendants or of employees was without significance.

The defendants' brief makes the assertion that "in allowing their establishments to remain open on Sunday to permit housewives and mothers or anyone else to launder their own or their family's clothes, there is nothing which adversely affects public safety, health, morals, or the general welfare of the public; nor is in any way inimical to the public interests. To legislate against this, whether the right to so legislate is to be interpreted broadly and liberally or with strictness, is an improper exercise of the police power." The defendants rely upon the Fourteenth Amendment to the Constitution of the United States and art. 1 of the Declaration of Rights.

The constitutionality of § 5 under the Constitution of this Commonwealth has been upheld by this court in two decisions which do not specifically refer to art. 1. *Commonwealth* v. *Has,* 122 Mass. 40, 42. *Commonwealth* v. *Chernock,* 336 Mass. 384, 386. We now hold that there is nothing in § 5 which is violative of art. 1. "One assailing a statute on constitutional grounds has the burden of proving the absence of any conceivable grounds upon which the statute may be supported." *Merit Oil Co.* v. *Director of*

*the Div. on the Necessaries of Life,* 319 Mass. 301, 305. The burden is not sustained by generalities, whether of law or fact. The presumption of constitutionality can be overcome only by specific allegations. None has been made. *Id.*

The reliance upon the Fourteenth Amendment is two-fold: denial of due process and denial of the equal protection of the laws. At the time of the arguments before us a three-judge court in the United States District Court, District of Massachusetts, by majority vote had decided that our "so-called 'Lord's day' statute"[1] was unconstitutional as applied to the owner and customers of a Kosher market and as to rabbis having the duty of inspection. *Crown Kosher Super Mkt. of Mass. Inc.* v. *Gallagher,* 176 F. Supp. 466. The grounds given, all under the Fourteenth Amendment, were (1) violation of the due process clause by (a) denying the free exercise of religion and (b) depriving of property or liberty arbitrarily and (2) denial of the equal protection of the laws (see, particularly, pp. 471, 474–476).

Although no question of the Jewish Sabbath is directly presented in the cases before us, we have awaited the outcome of the *Crown Kosher* case upon appeal to the Supreme Court of the United States. That tribunal has now reversed the decision of the majority of the three-judge court, and has held that G. L. c. 136, §§ 5 and 6, are not violative of the Constitution of the United States. *Gallagher* v. *Crown Kosher Super Mkt. of Mass. Inc.* 366 U. S. 617. At the same time decisions were rendered upholding the Maryland and Pennsylvania Sunday closing laws. *McGowan* v. *Maryland,* 366 U. S. 420. *Two Guys From Harrison-Allentown, Inc.* v. *McGinley,* 366 U. S. 582. *Braunfeld* v. *Brown,* 366 U. S. 599.

The defendants' remaining argument as to denial of the equal protection of the laws is also made by way of generalization. Their brief contends that § 5 "has become so

[1] See 176 F. Supp. at page 468, where the reference is to G. L. "c. 136, § 1 et seq." The sections specifically discussed in the opinion are 5 and 6. See, for example, page 472.

riddled with exceptions and limitations which are set forth in said c. 136, and for the most part are found in § 6, that the result is the granting of undue favor and individual or class privilege for those covered by such exceptions and limitations. Such inequality of treatment of all persons bears no reasonable relationship to the objects to which § 5 is directed." As matter of policy, this subject is one for legislative determination. As matter of law, the defendants have not sustained the burden of showing that the Legislature had no rational basis for making the exceptions found elsewhere in c. 136, chiefly in § 6. This has been so adjudicated in *Gallagher* v. *Crown Kosher Super Mkt. of Mass. Inc.* 366 U. S. 617, 622–624. See *McGowan* v. *Maryland,* 366 U. S. 420, 425–428.

*Judgments affirmed.*