ANTON'S OF READING, INC. *vs.* TOWN OF READING
& another.

Middlesex.    October 11, 1963. — January 2, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
SPIEGEL, & REARDON, JJ.

*Laundromat. Constitutional Law,* Due process of law, Police power,
Laundromat. *Municipal Corporations,* By-laws and ordinances, Laundromat.

A by-law of a town providing for licensing of laundromats and their regulation by the selectmen, and regulations requiring that the premises and
machines be kept in clean and sanitary condition and adequately ventilated and lighted, and be connected with the town's sanitary sewer,
and forbidding operation of the laundromats at certain hours without
an attendant present, were not shown to be an improper exercise of the
police power depriving the proprietors of the laundromats of property
without due process of law [576–577]; and such by-law and regulations
were within the authority conferred on the town by G. L. c. 40, § 21 (1),
(6) [577–578].

BILL IN EQUITY filed in the Superior Court on October 19,
1962.

The suit was heard by *Forte,* J.

*William H. Diamond* for the plaintiff.

*James W. Killam, III,* for the defendants.

WILKINS, C.J.    This bill by the owner and operator of a
self-service laundry or laundromat seeks a binding declaration (1) as to the validity of a by-law which was enacted by
the defendant town and provides for the licensing and regulation of laundromats and (2) as to the validity of certain
rules and regulations which were promulgated by the defendant board of selectmen.    All the material facts were
admitted in the answer.    Following a hearing at which no
evidence was taken, there was entered a final decree which
adjudicated the by-law and the rules and regulations to be
valid.    The plaintiff appealed.

The plaintiff's contentions, which are made in a vague and general way, are that the by-law and the regulations (1) are in violation of the Fourteenth Amendment to the Constitution of the United States and of arts. 1, 10, and 12 of the Declaration of Rights of the Constitution of Massachusetts; and (2) are not authorized by G. L. c. 40, § 21, as amended.

The right of a citizen to engage in a lawful private business is guaranteed by the Fourteenth Amendment and arts. 1 and 10, but he is subject to reasonable regulation designed to protect the public interest. *Merit Oil Co.* v. *Director of the Div. on the Necessaries of Life,* 319 Mass. 301, 302–303. "One assailing a statute on constitutional grounds has the burden of proving the absence of any conceivable grounds upon which the statute may be supported." *Ibid.* p. 305. "The burden is not sustained by generalities, whether of law or fact. The presumption of constitutionality can be overcome only by specific allegations." *Commonwealth* v. *Chamberlain,* 343 Mass. 49, 52 (upholding validity of Sunday closing laws as applied to laundromats).

The plaintiff has not argued why any specific provisions are invalid, but in substance contends that laundromats are beyond the reach of the municipal action here attempted. We turn to the regulations to seek to ascertain whether, upon analysis, they may be supported on any conceivable grounds. The requirement that there shall be compliance with the regulations of the fire department, board of health, building code, plumbing code, and zoning by-laws adds nothing to the obligations of any occupant of real estate. That the rules that the premises and machines be kept in a clean and sanitary condition and be adequately ventilated and lighted are valid is elementary. It is in the interest of public health that the business be so maintained. The same ground supports the duty to use the town sanitary sewer. See *Ranlett* v. *Lowell,* 126 Mass. 431, 432–433.

The only other regulation forbids the operation of a laundromat before 6 A.M. or after 12 P.M. unless an attendant is present. We think that the board of selectmen could

reasonably conclude that such a prohibition would serve to curb crime which, according to studies, has flourished in laundromats, particularly at night, but has been restricted by the presence of an attendant. See *Schacht* v. *New York,* 30 Misc. 2d (N. Y.) 77, 79, modified 14 App. Div. 2d (N. Y.) 526, which upheld a mandate that laundromats be closed entirely from 12 P.M. to 6 A.M. and that an attendant be on duty from 6 P.M. until closing.

The plaintiff derives no aid from three advisory opinions relied upon. Not only was there no presumption of constitutional validity of the proposed legislation (*Opinion of the Justices,* 345 Mass. 780, 781–782), but their subject matter is not relevant. In *Opinion of the Justices,* 322 Mass. 755, there was a sweeping bill to prohibit sale of monuments by "all public or private corporations, religious societies, and individuals owning, maintaining, or operating a cemetery" (p. 757). It was said that the proposed act lacked "any rational tendency to promote the safety, health, morals, or general welfare of the public" (p. 760). In *Opinion of the Justices,* 300 Mass. 615, and *Opinion of the Justices,* 337 Mass. 796, proposed acts prescribing the hours when barber shops might be kept open or providing a method whereby at least seventy per cent of the registered and practising barbers in a municipality might prescribe such days and hours were said to be unreasonable interference with the pursuit of a vocation. The latter bill was also said to be an unconstitutional delegation of legislative power.

Largely for reasons we have already indicated, the by-law and the regulations do not lack legislative authorization and are not offensive to the principle underlying *North Reading* v. *Drinkwater,* 309 Mass. 200. We think that all could come within G. L. c. 40, § 21, as amended, which reads, "Towns may, for the purposes hereinafter named, make such orders and by-laws, not repugnant to law, as they may judge most conducive to their welfare . . . . (1) For directing and managing their prudential affairs, preserving peace and good order, and maintaining their internal police." Regulating the use of common sewers is expressly

authorized by G. L. c. 40, § 21 (6). In *Commonwealth* v. *Wolbarst*, 319 Mass. 291, the Legislature had enacted a complete and comprehensive system designed to eliminate gambling, and there was no room for an ordinance (p. 295).

*Decree affirmed.*