JEWEL COMPANIES, INC. *vs*. TOWN OF BURLINGTON.

Middlesex.   January 10, 1974. — May 7, 1974.

Present: TAURO, C.J., REARDON, BRAUCHER, HENNESSEY, & KAPLAN, JJ.

*Market.   Municipal Corporations,* By-laws and ordinances.   *Constitutional Law,* Due process of law, Equal protection of the laws, Police power, Market.   *Equity Jurisdiction,* Declaratory relief. *Equity Pleading and Practice,* Declaratory proceeding.

A demurrer to a bill in equity for declaratory relief sufficiently alleging a controversy as to the statutory and constitutional validity of certain town by-laws was properly overruled, and a final decree determinative of the merits should be entered, even though the result on the merits was unfavorable to the plaintiff. [277]

By-laws of a town, which forbade the sale of food at retail, and the

ᵃ 304 N. E. 2d 438, 442.

opening of any place of business engaged in the retail sale of food, between the hours of 10 P.M. and 8 A.M., which were not applicable to department stores selling many nonfood items sold by a certain supermarket in the town, and which exempted sales, when made by licensed common victualers primarily engaged in selling food to be consumed on the premises, of various food items to be taken home sold by the supermarket, did not deny the supermarket due process of law under arts. 1, 10, and 12 of the Declaration of Rights of the Massachusetts Constitution or the Fourteenth Amendment to the Federal Constitution [277-278]; were enacted by the town within the authority conferred on it by G. L. c. 40, § 21(1) [278]; and did not establish arbitrary classifications or deny the supermarket the equal protection of the laws in violation of arts. 6 and 7 of the Declaration of Rights or the Fourteenth Amendment [278-280].

BILL IN EQUITY filed in the Superior Court on September 7, 1972.

The suit was heard on demurrer and on the merits by *Zarrow*, J.

*David Berman,* Town Counsel, for the town of Burlington.

*Harold Rosenwald* (*Richard A. Perras* with him) for Jewel Companies, Inc.

HENNESSEY, J.   The town of Burlington appeals from the interlocutory and final decrees of the Superior Court overruling its demurrer to a bill for declaratory and injunctive relief, declaring invalid the two town by-laws involved, and dismissing the town's counterclaim for a decree of their validity. The plaintiff, owner of the Burlington Star Market, challenges the validity of §§ 17 and 17A of art. XI of the general by-laws of the town of Burlington on the grounds that they are beyond the powers granted to the defendant by G. L. c. 40, § 21 (1), and that they deny the plaintiff due process and equal protection in violation of the United States and Massachusetts Constitutions. The two sections, which are set out in full in the margin,[1] respectively bar the sale of food at retail and

---

[1] "Section 17 — No person shall sell at retail between the hours of 10 p.m. and 8 a.m. any food.

"The term food as used in this by-law shall include any article or commodity, however stored or packaged, intended for human consumption, and shall include

require the closing of any store engaged in such business between the hours of 10 P.M. and 8 A.M. Both sections exempt certain sales by licensed common victualers. Both provide $50 fines for each violation.

The relevant facts are as follows. The plaintiff operates thirty-seven supermarkets in eastern Massachusetts, including the Star Market in Burlington which opened in 1968. In September of 1970, the closing hour of the Burlington store was extended from 10 P.M. to 12 P.M. In November of 1972, after a meeting with town counsel and the board of selectmen, the plaintiff changed the closing hour back to 10 P.M. in compliance with the recently effective by-law. During the period when the supermarket was open between the hours of ten and twelve it did a gross business of between $3,000 and $4,000 a week during those hours. However, the plaintiff's district manager also testified that there was no noticeable difference in gross weekly sales before and after the store reverted to a 10 P.M. closing.

alcoholic beverages to be consumed off the premises at which they are sold, unless any other law or permit or license granted to the seller of such beverages shall otherwise provide.

"This by-law shall not apply to the sale of food or alcoholic beverages to be consumed on the premises at which they are sold or to be consumed off the premises on which they are sold when such sale is by a licensed common victualer primarily engaged in the sale of food to be consumed on such premises.

"Persons found guilty of violating this section shall pay a fine of $50. For purposes of this by-law each separate sale shall be deemed a separate offense. In the event of sale of several items or articles at one time to one customer, only one sale shall be deemed to have taken place."

"Section 17A — No store or place of business engaged in the retail sale of food shall be open for the transaction of retail business between the hours of 10 p.m. and 8 a.m.

"This by-law shall not apply to the sale of food or alcoholic beverages to be consumed on the premises at which they are sold or to be consumed off the premises on which they are sold when such sale is by a licensed common victualer primarily engaged in the sale of food to be consumed on such premises.

"This by-law shall not be deemed to repeal or replace Section 17 of Article XI of the General By-Laws, and each by-law shall be deemed separately enforceable. An adjudication that Section 17 or Section 17A of Article XI of the General By-Laws or any part of either such Article is unconstitutional or invalid shall not operate to affect the constitutionality or validity of the other by-law or any part thereof which can be given effect without the provision deemed unconstitutional or invalid.

"Violators of this Section shall be subject to a fine of $50 for each violation. In case of continuing violation, every calendar day upon which a store shall remain open shall be deemed a separate offense."

Approximately sixteen percent of the Burlington Star Market's sales are nonfood items. Other stores in the area, including several department stores in the Burlington Mall, sell many of the nonfood items sold by the plaintiff. Some establishments, while primarily serving food for consumption on the premises under a common victualer's license, also sell various of the food items sold by the plaintiff to be taken home. Expert testimony, to which the defendant objected and expected, detailed the occurrence and effects of a recent trend toward later closings by supermarkets.

1. The defendant's demurrer was properly overruled. "Ordinarily a demurrer cannot properly be sustained to a bill for a declaratory decree on the ground that the court does not agree with the proposition for which the plaintiff contends." *Franklin Fair Assn. Inc.* v. *Secretary of the Commonwealth*, 347 Mass. 110, 113-114 (1964), quoting from *County of Dukes County* v. *New Bedford, Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.* 333 Mass. 405, 406 (1956). That is, a demurrer will not be sustained in such a case merely because the court is convinced the plaintiff will fail on the merits but only where the bill on its face fails to state "a controversy proper for determination under the declaratory procedure," as in *Greenberg* v. *Assessors of Cambridge*, 360 Mass. 418, 423 (1971), and *Brown* v. *Neelon*, 335 Mass. 357, 360 (1957). Here, the plaintiff sufficiently alleged a specific controversy over the statutory and constitutional validity of the by-laws. Accordingly, it is the duty of the courts "to adjudicate the decisive issues involved in the controversy between the parties and to make binding declarations concerning such issues, thus putting the controversy to rest." *Zaltman* v. *Daris*, 331 Mass. 458, 462 (1954).

2. The by-laws do not deny the plaintiff due process of law under either arts. 1, 10, and 12 of the Declaration of Rights of the Constitution of Massachusetts or the Fourteenth Amendment to the Constitution of the United States. "One assailing a statute on constitutional grounds has the burden of proving the absence of any conceivable

grounds upon which the statute may be supported."
*Anton's of Reading, Inc.* v. *Reading*, 346 Mass. 575, 576
(1964), quoting from *Merit Oil Co.* v. *Director of the Div. on
the Necessaries of Life*, 319 Mass. 301, 305 (1946). The by-
laws here in question are clearly intended to protect the
nighttime tranquility of a largely residential community.
While "unreasonable interference with the pursuit of a
vocation," *Opinion of the Justices*, 337 Mass. 796, 798
(1958), would indeed be unconstitutional, the test of the
constitutional validity of restrictions on the carrying on of
otherwise lawful occupations is whether the act or by-law
has a rational tendency to promote the safety, health,
morals, and general welfare of the public. *Milligan* v. *Board
of Registration in Pharmacy*, 348 Mass. 491, 498 (1965).
*Opinion of the Justices*, 322 Mass. 755, 760 (1948). We
believe the contested by-laws have such a tendency to
promote the general welfare as to pass constitutional
muster under both State and Federal due process clauses.
Cf. *Belle Terre* v. *Boraas*, 416 U. S. 1 (1974); *Com-
monwealth* v. *Has*, 122 Mass. 40 (1877); *Gallagher* v. *Crown
Kosher Super Mkt. of Mass. Inc.* 366 U. S. 617 (1961).

3.  For similar reasons we conclude that (adoption) of the
questioned by-laws was within the powers granted to the
defendant by G. L. c. 40, § 21 (1). Cf. *Willard* v. *New-
buryport*, 12 Pick. 227, 231 (1831). *Cox* v. *Segee*, 206 Mass.
380, 382 (1910).

4.  The plaintiff argues that §§ 17 and 17A deprive it of
equal protection of the laws in violation of arts. 6 and 7 of
our Declaration of Rights and the Fourteenth Amendment
to the Constitution of the United States in that they
unfairly discriminate against it vis à vis other stores with
which the plaintiff is in competition.[2] We cannot agree. In

---

[2] While the plaintiff appears to consider its handicap more drastic, our reading
of the by-laws suggests that it is indeed disadvantaged vis à vis the following types
of businesses, which are not affected by either §§ 17 or 17A: (1) stores holding a
common victualer's license, which may sell certain food and nonfood items also
sold by the plaintiff after 10 P.M., and (2) other stores, selling no food, which may
sell nonfood items also sold by the plaintiff after 10 P.M. A business selling any
food at retail which does not have a common victualer's license would apparently
be required by § 17A to close at 10 P.M. as is the plaintiff.

*Mobil Oil Corp.* v. *Attorney Gen.* 361 Mass. 401 (1972), we held that a statute prohibiting the use of certain promotional games of chance by retail sellers of gasoline did not irrationally discriminate between such dealers and various other businesses which compete with them for the sale of nonpetroleum products so as to constitute a violation of the equal protection clause. The plaintiff's argument in the instant case to the contrary notwithstanding, that decision was not based on a finding that gasoline stations were sui generis but on the existence of valid reasons on which the Legislature could have relied in making the statutory classification. Compare *Hall-Omar Baking Co.* v. *Commissioner of Labor & Indus.* 344 Mass. 695 (1962), with *Vigeant* v. *Postal Tel. Cable Co.* 260 Mass. 335 (1927). We also affirmed the principle that "[w]hen legislative authority is exerted within a proper area, it need not embrace every conceivable problem within that field. The Legislature may proceed one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind" (361 Mass. at 417). See *Williamson* v. *Lee Optical of Okla. Inc.* 348 U. S. 483, 488-490 (1955).

The justification for the town's separate classification of food stores here, in terms of valid possible reasons for the action, is even stronger than for the Legislature's action in the *Mobil Oil* case. Consideration of certain possibilities had been eliminated from the *Mobil Oil* case by agreement of the parties. See the dissenting opinion in that case. The trial judge here found that during the period when the Burlington Star Market was open until midnight the occupants of some nearby residences were disturbed and complained to the police. Whether the by-laws were a response to actual town experience of problems created by the late business hours of the plaintiff or an attempt to forestall such problems, the finding of the trial judge confirms what we would hold in any event: it cannot be ruled that the separate legislative treatment for retail sellers of food has no rational basis. Thus the plaintiff has not been denied the equal protection of the laws to which it is constitutionally entitled. That holders of a common

victualer's license, who in some measure may be competitors of the plaintiff, are exempted from the requirements of §§ 17 and 17A does not alter our conclusion. It is possible that the members of the town meeting who voted for the by-laws may have concluded that such establishments were less likely to disturb the community with excessive light and noise late in the evening. Given such possible justification, we certainly cannot conclude that the voters of the town meeting lacked a rational basis for the classification they did make.

5. Since we have determined that the by-laws are valid and that the decree of the Superior Court was in error, we need not consider the defendant town's arguments relating to alleged errors at trial in the admission of evidence.

6. The interlocutory decree is affirmed. The final decree is reversed and the case is remanded to the Superior Court for the entry of a new decree that §§ 17 and 17A of art. XI of the general by-laws of the town of Burlington are valid and may be enforced.

*So ordered.*